1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANIEL LAQUINN JONES,                       No. 1:20-cv-01527-NONE-JLT (HC)

12                  Petitioner,                    ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS AND DISMISSING
13          v.                                     § 2254 PETITION

14    RAYBON JOHNSON, Warden,                      (Doc. Nos. 1, 6)

15                  Respondent.

16

17          Petitioner Daniel L. Jones is a state prisoner proceeding *in propria persona* on a petition

18    for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with 28 U.S.C. §

19    636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United

20    States Magistrate Judge.  On November 6, 2020, the assigned magistrate judge found that

21    petitioner had failed to first exhaust his claims by presenting them to the highest state court as

22    required by 28 U.S.C. § 2254(b)(1), and recommended that the pending petition be dismissed

23    without prejudice.  (Doc. No. 6 at 1–2.)  To date, petitioner has not filed objections thereto.

24          Pursuant to 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the

25    case.  The court finds the pending findings and recommendations to be supported by the record

26    and proper analysis and will adopt the findings and recommendations.

27          The court now turns to whether a certificate of appealability should be issued.  A

28    petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

                                                    1

1 | denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v.*

2 | *Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Courts should issue a certificate of

3 | appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the

4 | petition should have been resolved in a different manner or that the issues presented were

5 | 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

6 | (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the

7 | court finds that reasonable jurists would not find the court's determination that the petition should

8 | be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.

9 | Therefore, the court declines to issue a certificate of appealability.

10 |     In light of the foregoing, the court ORDERS as follows:

11 |     1.    The findings and recommendations (Doc. No. 6), filed November 6, 2020, are

12 |         ADOPTED in full;

13 |     2.    The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without

14 |         prejudice;

15 |     3.    The court DECLINES to issue a certificate of appealability;

16 |     4.    The Clerk of Court is DIRECTED to assign a district judge to this case for the

17 |         purpose of closing the case, then to enter judgment and to close the case.

18 | IT IS SO ORDERED.

19 |    Dated:  **March 1, 2021**

20 |                       UNITED STATES DISTRICT JUDGE